UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | CASE NO. 5:23-cv-1055 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| JOHN DOE *subscriber assigned IP address 76.181.107.69*, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

On May 25, 2023, plaintiff Strike 3 Holdings, LLC ("Strike 3") filed this lawsuit against an unknown defendant alleging copyright infringement based on the defendant's download and distribution of Strike 3's copyrighted adult movies. (*See generally* Doc. No. 1.) Presently before the Court is Strike 3's Ex Parte Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. (Doc. No. 6 (Motion).) In its motion, Strike 3 seeks to serve a subpoena on Spectrum, an internet service provider, in order to identify defendant from the Internet Protocol ("IP") address associated with the allegedly infringing conduct. For the reasons set forth herein, Strike 3's motion is granted.

Rule 26(d)(1) of the Federal Rules of Civil Procedure prohibits the propounding of discovery prior to a Rule 26(f) conference, except in limited circumstances not applicable here or when authorized by court order. A number of courts have applied a "good cause" standard to determine whether such discovery should be authorized. *See, e.g.*, *Cook Prods., LLC v. Does 1–10*, No. 16-cv-3045, 2016 WL 10489867, at *1 (N.D. Ohio Dec. 30, 2016) (citing *Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (citing cases)); *Strike 3 Holdings, LLC v.*

*Doe*, No. 20-cv-5123, 2020 WL 6342770, at *2 (E.D. Pa. Oct. 29, 2020). While courts differ on the specific factors used to determine "good cause," all courts seem to agree that, in copyright infringement cases like the present one, "good cause is easily established . . . where, as here, plaintiff has established that it cannot meet its service obligation under Fed. R. Civ. P. 4 without the requested discovery." *E.g.*, *Cook Prods.*, 2016 WL 10489867, at *1.

Strike 3 has established that "good cause" exists for it to serve a third-party subpoena on Spectrum in advance of a Rule 26(f) conference. First, Strike 3 has made a *prima facie* showing of a claim of copyright infringement. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements that are original." *Strike 3 Holdings, LLC*, 2020 WL 6342770, at *2 (quoting *Feist Publications, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). In the complaint, Strike 3 alleges that it "is the owner of the Works [multiple adult films], which [are] original work[s] of authorship" and that it "owns the copyrights to the Works," which are registered with the United States Copyright Office. (Doc. No. 1 ¶¶ 45, 48.) Strike 3 also alleges that "[d]efendant copied and distributed the constituent elements of [p]laintiff's Works" without Strike 3's authorization. (*Id.* ¶¶ 49–50.) Three of Strike 3's employees/contractors submitted declarations in support of these allegations. (Doc. Nos. 6-1, 6-2, and 6-3 (each detailing their role in uncovering the alleged infringement).) *See Strike 3 Holdings, LLC*, 2020 WL 6342770, at *2.

Strike 3, however, cannot pursue its *prima facie* claim of copyright infringement without first identifying defendant. Defendant can only be identified through Strike 3's subpoena of Spectrum, which seeks only defendant's name and address. (Doc. No. 6, at 3, 11–12.[1]) Strike 3,

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

therefore, has established good cause to serve a third-party subpoena on Spectrum because Strike 3 cannot serve defendant under Rule 4 without first retrieving information known only to Spectrum. *Cook Prods.*, 2016 WL 10489867, at *1.

For all the aforementioned reasons, Strike 3's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference is granted with certain limitations outlined herein:

1. Strike 3 may serve immediate discovery on Spectrum to obtain the identity of defendant by serving a Rule 45 subpoena that seeks information sufficient to identify defendant, including the individual's name and current (and permanent) addresses. Disclosure of the information requested is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court.

2. Strike 3 shall attach a copy of this Memorandum Opinion and Order to each subpoena that it issues.

3. Any information disclosed to Strike 3 in response to the Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in the complaint.

4. If and when Spectrum is served with a subpoena, it shall give written notice, which may include e-mail notice, to the subscriber in question within seven (7) days of service of the subpoena. If Spectrum and/or defendant wants to file a motion in response to the subpoena, the party must do so before the return date of the subpoena, which shall not be less than thirty (30) days from the date of such written notice.

5. Spectrum shall not produce the information requested before the return date of the subpoena or the resolution of any timely filed motion challenging the subpoena, whichever occurs later.

**IT IS SO ORDERED**.

Dated: June 27, 2023

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**
                                          **CHIEF JUDGE**